

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 12  PM 4: 28

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WALTER STANLEY** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION " "  06-5887** |
| | * | |
| **RBO CUSTOM HOME BUILDERS, L.L.C.** | * | **MAGISTRATE " "** |
| * * * * * * * * * * * * * * * * * * * * | | |

## SECT.F MAG 1

### <u>COMPLAINT AND JURY DEMAND</u>

NOW INTO COURT, through undersigned counsel, comes plaintiff, Walter Stanley, ("Mr. Stanley"), with this Complaint against RBO Custom Home Builders, L.L.C., ("RBO"), stating that the following causes of action are based upon the defendant's violations of Federal Law, via the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 12101, *et seq.*, and violations of the Louisiana Employment Discrimination Act as follows:

### <u>I. PARTIES</u>

1.

Mr. Stanley, is a citizen of the State of Louisiana, and of the United States, and resides within the confines of the Eastern District.

Fee  350.
Process  CaaQyms
X  Dktd
CtRmDep
Doc. No.

2.

Defendant, RBO, is, upon information and belief, a domestic partnership authorized to do and doing business within the confines of the Eastern District of Louisiana.

## II.  JURISDICTION AND VENUE

3.

Mr. Stanley asserts that jurisdiction is proper in this Honorable Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, as he has received his "Right to Sue" from the Equal Employment Opportunity Commission for his allegations of violations of the ADA and the ADEA; and also violations of the Louisiana Employment Discrimination Law pursuant to this Court's Supplemental Jurisdiction.

4.

Venue is proper in this district under 28 U.S.C. § 1391 (a) and 42 U.S.C. § 2000(e)-5(f).

## III.  FACTS AND ALLEGATIONS

5.

Mr. Stanley was hired on approximately November 1, 2004 as a Project Manager for RBO.

6.

RBO constructs custom homes.

7.

RBO has more than fifteen (15) employees.

8.

Plaintiff alleges that his performance was either above average or excellent.

9.

Mr. Stanley alleges that he was never disciplined or counseled for any type of deficient performance or misconduct.

10.

R. Bruce Olivier ("Mr. Olivier") is the owner of RBO.

11.

Gerald T. Brown ("Mr. Brown") is the Vice President of Operations for RBO.

12.

On or about June 21, 2005, it became necessary for Plaintiff to have open heart surgery.

13.

While recovering from open heart surgery, on or about July 4, 2005, Mr. Brown came to Plaintiff's home and terminated his employment.

14.

At that time, Mr. Brown told Plaintiff that, after consulting with Mr. Olivier, the decision had been reached that due to Plaintiff's open heart surgery and RBO's perception of his condition of disability afterwards that they could not see him coming back to work.

15.

That is, Mr. Brown told Plaintiff that, because of his heart condition and heart surgery, he and Mr. Olivier perceived that Plaintiff could ever have the amount of "physical strength and mental strength" that would enable him to continue to perform the job.

16.

Also, at that time, there was a discussion of Plaintiff's age – that due to his age and medical condition, Mr. Brown and Mr. Olivier did not feel that Plaintiff would be able to continue employment as a Project Manager for RBO.

17.

Incredibly, during this conversation, Mr. Brown confirmed that RBO was not in any way dissatisfied with the Plaintiff's performance and Plaintiff's abilities as a Project Manager.

18.

During this conversation Mr. Brown confirmed that the only reason Plaintiff was being terminated was because of his age and/or because RBO Management perceived that Plaintiff's heart attack had permanently disabled him in the ability to endure the standing, walking, sufficient energy level, physical strength and mental strength.

19.

Mr. Stanley contends that this perception of Plaintiff's disability are prohibited under the ADA insofar as if other employers held similar misperceptions concerning Plaintiff's heart condition, he would be excluded from a broad range of jobs.

-4-

20.

Mr. Stanley also alleges that these statements indicate an impermissible bias against Plaintiff due to his age, fifty-eight (58) years.

21.

Mr. Stanley alleges that RBO, is liable for the acts and omissions of its employees, and agents under the *Doctrine of Respondiat Superior.*

**COUNT ONE**

22.

Due to the above and foregoing allegations, RBO liable unto Mr. Stanley pursuant to the ADA, the ADEA, and the Louisiana Employment Discrimination Act which prohibit disability discrimination and age discrimination, thus creating RBO's liability unto Mr. Stanley for:

A.      Back-pay including benefits;

B.      Front-pay including benefits;

C.      Mental anguish;

D.      Humiliation/embarrassment;

E.      Loss of enjoyment of life;

F.      Medical expenses;

G.      Liquidate damages (under the ADEA);

H.      Punitive damages (under the ADA);

I.      Prejudgment interest;

J.      Attorney's fees;

K.      Costs of these proceedings; and

L.      Injunctive relief enjoining defendant from interfering with plaintiff's efforts to obtain future employment and enjoining and permanently restraining these violations of Louisiana Law and Federal law.

23.

Plaintiff specifically pleads his right to recover punitive damages a under the ADA as RBO's discriminatory actions were carried out with reprehensible malice and willful disregard of plaintiff's federally protected rights.

**COUNT TWO**

24.

Upon information and belief, RBO knew or should have known that the cumulative effect of RBO's disability discrimination conduct and RBO's retaliatory animus were substantially certain to cause emotional distress to Mr. Stanley. As such, this conduct constitutes intentional infliction of emotional distress pursuant to Louisiana Civil Code Article 2315, as such, Defendant, RBO, is liable unto Mr. Stanley for:

A.      Mental anguish and depression;

B.      Humiliation/embarrassment;

C.      Loss of enjoyment of life;

D.      Medical expenses;

E.      Prejudgment interest;

-6-

F.     Attorney's fees;

G.     Costs of these proceedings; and

H.     Injunctive relief enjoining defendant from interfering with plaintiff's efforts to obtain future employment and enjoining and permanently restraining these violations of Louisiana Law.

25.

Plaintiff reserves his right to supplement and amend this Complaint upon the discovery of additional facts.

26.

Plaintiff shows amicable demand to no avail.

## IV.  JURY DEMAND

27.

Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, Walter Stanley, prays that Defendant, RBO Custom Home Builders, L.L.C., be duly cited to appear and answer this Complaint and Jury Demand and, after due proceedings and legal delays, there be judgment herein in favor of your Plaintiff, and against Defendant, as detailed in the foregoing Complaint and Jury Demand and in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, reasonable attorney's fees, and any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

-7-

Respectfully submitted,

**LAW OFFICES OF JAMES L. ARRUEBARRENA**

James L. Arruebarrena (#22235)
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 525-2520
Facsimile (504) 581-7083

Attorney for Walter Stanley

**SERVICE VIA SUMMONS**

**RBO Custom Home Builders, L.L.C.**
through its registered agent for service of process:

R. Bruce Olivier
1384 Corporate Sq. Blvd.,
Slidell, LA 70461

-8-