UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WALTER STANLEY                                CIVIL ACTION

v.                                            NO. 06-5887

RBO CUSTOM HOME BUILDERS, LLC                 SECTION "F"


ORDER AND REASONS

Before the Court is the defendants' motion to dismiss for lack of subject-matter jurisdiction.  For the reasons that follow, the motion is DENIED.


Background

Walter Stanley was a Project Manager for RBO Custom Home Builders, LLC, in November of 2004.  His work performance was satisfactory, with no blemishes.  In June 2005 Stanley had open heart surgery.  While recovering from surgery, RBO fired him. Stanley alleges that he was told by RBO managers that, despite their satisfaction with his job performance before the surgery, the company doubted that he "could ever have the amount of 'physical strength and mental strength' that would enable him to continue to perform the job....due to his age and medical condition."

Stanley sued RBO for discrimination pursuant to the American With Disabilities Act (ADA), the Age Discrimination in

1

Employment Act (ADEA), and the Louisiana Employment Discrimination Act.  Stanley also sued RBO for intentional infliction of emotional distress under Louisiana state law.

RBO now moves to dismiss the lawsuit for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  RBO argues that it does not qualify as an "employer" under the statutory definitions in the ADA and ADEA, and therefore, this Court lacks jurisdiction to hear these claims.

I.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for lack of subject-matter jurisdiction. See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, 354 F.3d 348, 351 (5th Cir. 2003).  A court may find a lack of subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists.  Id. at 161.

II.

The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. "Federal question" jurisdiction is invoked when a plaintiff properly pleads a claim arising under the Constitution or the laws of the United States. See Bell v. Hood, 327 U.S. 678, 681-85 (1946). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Courts are obligated to determine independently whether subject-matter jurisdiction exists. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Stanley invokes this Court's federal question jurisdiction under § 1331, but his case arises under the ADA and ADEA, which require that an employer must employ a certain number of workers before coverage applies. The issue here is whether the employee-numerosity requirement is jurisdictional, and therefore should be independently reviewed by the Court, or whether it relates to the merits of ADA and ADEA claims, and should therefore be evaluated by a trier of fact.

In Arbaugh v. Y & H Corp., 126 S.Ct. 1235 (2006), the Supreme Court settled a circuit split regarding whether the employee-numerosity requirement for establishing employer status for Title VII discrimination claims was a jurisdictional requirement or an elemental requirement for relief. Justice Ginsberg wrote for the Court, and held that the number of employees

required to define an employer under Title VII was elemental to the claim, not jurisdictional, and, therefore, had to be evaluated by a trier of fact.  Id. at 1245.

> "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. (citation omitted)  But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

Id.  While the Court did not expressly apply this brightline rule to employee-numerosity requirements in the ADA and ADEA, dicta in Arbaugh likens these requirements to the Title VII requirement.

The defendant moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), stating that it does not qualify as an employer under the statutory definitions in the ADA and the ADEA.  Under Arbaugh, the question of employee-numerosity does not speak to the subject-matter jurisdiction of this Court, but rather is treated as an element of the claim for relief which must be resolved by a trier of fact.[1]

---

[1]  Even if this Court were to treat the defendant's motion  as a motion to dismiss for failure to state a claim under Rule 12(b)(6), the motion would fail.  The defendant contends that the plaintiff does not qualify as an employee for purposes of the ADA and ADEA and presents a sworn affidavit as evidence of this argument.  Although this evidence may be persuasive, the evidence before the Court is very limited because discovery has only just begun.  Therefore, substantial unresolved issues of material fact remain as to the employee-numerosity requirement and the motion would therefore be denied as premature.

Accordingly, the defendant's motion to dismiss for lack of subject-matter jurisdiction is DENIED.

New Orleans, Louisiana, November 20, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE